JUDGE HELLERSTEIN

12 CIV 6542 (AKH)(MHT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VAN BRYANT,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK, a municipal corporation,
SERGIO MARTE, (Shield No.: 25830), individually and
as a New York City Police Officer,
LUIS FERNANDEZ, (Shield No.:17933), individually and
as a New York City Police Officer,
NICOLE TIRADO, (Shield No.: 4796), individually and
as a New York City Police Sergeant and Supervisor,
and, JOHN AND JANE DOES, Individually and as
Supervisory Officers of the New York City Police
Department, the identity and number of which is
presently unknown,

                        Defendants.
------------------------------------------------------------------X

COMPLAINT

AUG 26 2012
U.S.D.C. S.D.N.Y.
CASHIERS

PLAINTIFF DEMANDS
A TRIAL BY JURY

ECF Case

       Plaintiff, Van Bryant, by his attorney, the Law Office of Glenn A. Wolther, as and for his complaint alleges as follows, upon information and belief:

### Jurisdiction & Venue

1.     Jurisdiction is based on 28 U.S.C. §§1331, 1343(a)(3), and 1343(a)(4).

2.     Venue is properly lodged in this Judicial District pursuant to 28 U.S.C. §1391(b)(1), this being the District in which the majority of events and omissions giving rise to the claims occurred. Jurisdiction to grant a declaratory judgment is conferred by 28 U.S.C. §§2201-2202 and Rule 57 of the Federal Rules of Civil Procedure.

## Parties

3. At all times material hereinafter mentioned, Plaintiff Van Bryant, ("Plaintiff" or "Bryant,") was and is a resident of the State of New York.

4. At all times material hereinafter mentioned, Defendant the City of New York ("NYC"), was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York. NYC acts by and through its agencies, employees, and agents including but not limited to the New York City Police Department ("NYPD") and its employees. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC. The NYPD and NYC receive federal funds.

5. At all times material hereinafter mentioned, Defendant Sergio Marte, (Shield No. 25830); ("Marte") was assigned to the 30th Precinct of the NYPD and is a police officer employed, trained, retained by NYC and the NYPD at the 30th Precinct in New York County. Plaintiff brings this action against Marte in his personal and official capacities.

6. At all times material hereinafter mentioned, Defendant Luis Fernandez, (Shield No.:17933) "Fernandez" was assigned to the 30th Precinct of the NYPD and is a police officer employed, trained, retained by NYC and the NYPD at the 30th Precinct in New York County. Plaintiff brings this action against Fernandez in his personal and official capacities.

7. At all times material hereinafter mentioned, Defendant, Nicole Tirado, (Shield No.: 4796) "Tirado" was assigned to the 30th Precinct of the NYPD and is a police Sergeant employed, trained, retained, and and herself supervised, by NYC and the NYPD at the 30th Precinct in New York County. At all times material hereinafter mentioned Tirado was the direct supervisor of defendants Marte and Fernandez. Plaintiff brings this action against Tirado in her personal, supervisory, and official capacities.

9. Defendants, Marte, Fernandez and Tirado are hereinafter collectively referred to as the "NYPD Defendants."

10. At all times material hereinafter, the NYPD Defendants were acting under color of law and pursuant to their authority as police officers and supervisory officers and employees of NYC and the NYPD. All of the NYPD Defendants actions described herein are within the scope of their employment. The NYPD Defendants are State Actors.

11. Under the Charter of the City of New York, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action.

## Facts

12. Plaintiff, Van Bryant, is an African American adult male.

13. On the afternoon of August 26, 2009, Mr. Bryant was lawfully walking in the vicinity of 356 West 145th Street, within the confines of the NYPD's 30th Police Precinct.

14. Bryant was unlawfully stopped and seized, and without consent, searched, by Marte, who reached inside Plaintiff's clothing.

15. At that time Marte was assisted and directly supervised by Tirado.

16. At the time of Marte's unjustified and illegal search inside of Plaintiff's clothing and effects, there was no reasonable basis for the NYPD Defendants present to believe that they could search Plaintiff's clothing or effects.

17. The NYPD Defendants that were present lacked sufficient legal cause to search the Plaintiff. Furthermore, they did not have a reasonable basis to believe such cause existed.

18. The result of Marte's unlawful search led to the recovery of various items including contraband.

19. Bryant, while testifying before the Grand Jury, acknowledged possession of all the items that were recovered from his person and effects-including any contraband.

20. Merte knew that he did not have a legally sufficient basis to search Plaintiff's clothing or effects. Moreover, the NYPD Defendant's knew that the search was patently unconsituonal and would ultimately result in the dismissal of any charges that were based upon the illegally obtaind controband.

21. In order to make the recovory of the controband appear legitimate, the NYPD Defendants: fabricated NYPD and court documents as well as commuicated and transmitted fabricated documents and information to the New York County District Attorneys Office ("DANY").

22. In furtherance of the their illegal efferts to justify the patently unconstitutional revovery of items from the Plaintiff, the NYPD Defendants fabricated evidence, that Merit had observed, "an unapprehend male standing with [Bryant] holding money in his hand and observed [Bryant] standing and speaking to the individual with a bag in his hand. . .[and recovered contraband] from a bag in [Bryant's] hand. . . (Felony Compliant dated August 27, 2009, *Bracketed material and ellipses added.*)

23. Much of this was false, including but not limited to that assertion that Bryant was holding the "bag." The bag was and had been for some time inside Bryant's pocket.

24. The illegal search of Plaintiff's pocket and subsequent fabrication of documents, information, and testimony to cover up that illegal search is consistent with the culture of Constitutional abuse, of citizens in general and African Americans in particular, that has long existed within the NYPD including the 30th Precinct. *See e.g. The City of New York's Commission to Investigate Allegations of Corruption and the Anti-Corruption Procedures of the Police Department, Commission Report*, Chair, Milton Mollen (July 7, 1994) ("Mollen Report").

25. This ongoing pattern of misconduct within the 30th Police Precinct has been evidence recently in the indictment and subsquent convictions of former NYPD members, Sergeant William Eiseman and officer Michael Carsey.

26. Eiseman at times supervised Carsey both of whom were operating from within the 30th Precinct. Where illegal searches led to the recovery of contraband, Eiseman ordered his subordinates to falsify their police paperwork in order to make the stops and searches appear legitimate. (*See* June 27, 2011 and March 8, 2012 *Press releases of New York County District Attorney's Office*.)

27. According to his guilty plea, Eiseman was involved in at least three incidents of misconduct documented between August 2007 and the summer of 2008. Each involved unlawful stops and detentions of civilians in Northern Manhattan, which sometimes led to unlawful searches as well. And where the searches led to the

recovery of contraband, Eiseman ordered his subordinates to falsify their police paperwork in order to make the stops and searches appear legitimate. In 2011 Eiseman plead guilty, to the top charge in his indictment, Perjury in the First Degree, as well as three counts of Official Misconduct, for lying under oath, conducting unlawful searches and seizures in the 30th Precinct, and directing subordinates to falsify paperwork in order to make the arrests appears to be legitimate. In 2012, Carsey was found guilty after a jury trial on two counts of Perjury in the First Degree and one count of Offering a False Instrument for Filing in the First Degree. (*See id.*)

28. The convictions of Eiseman and Carsey reflect a strikingly similar pattern of misconduct that, upon information and belief, was utilized by the NYPD Defendants upon Bryant.

29. The illegal search of the inside of Plaintiff's pocket and effects yielded a paper bag, inside of which was bottled prescription medication, that Bryant was taking an a relative and a wrapped plastic package that contained less than one ounce of marihuana. The illegal search of the inside another pocket yielded a knife Plaintiff used to open boxes at his part time job.

30. Plaintiff was placed in handcuffs, did not feel, and in fact was not was not free to leave custody of the NYPD Defendants as he was arrested.

7

31. The NYPD Defendants then forwarded the false and fabricated documents and information to the DANY's office. It was reasonably foreseeable to the NYPD Defendants, that fabricated documents and information that they gave the the DANY's office-- which were concocted to cover up that illegal and unreasonable nature of the search of Bryant's clothing-- would lead to Plaintiff's being charged with various crimes.

32. And this is precisely what happened. From the time the first police documents were created and continuing through all the pre-trial proceedings in the criminal case, upon information and belief, the NYPD Defendants deliberately and intentionally deceived the DANY's office regarding the illegal nature of the search that led to recovery of the contraband. The NYPD Defendants fabricated documents and information that were materially false and knowing that the DANY's office would rely on them.

33. Upon information and belief, nevertheless, the NYPD Defendants conspired, aid and abated, and acted in a joint venture with one another in ordered to justify the initial improper search and seizure of Plaintiff and, to *inter alia*, in part to fulfill arrest quotas, in part, due to Plaintiff's race and in part to deprive him of his Constitutional rights.

34. Upon information and belief, the NYPD Defendants agreed to fabricate false evidence and false paperwork connected with Criminal Complaint, docket number

2009NY067159 in an attempt to make it appear that there was a constitutionally permissible bases to have recovered the contraband items when in fact there was not.

35. Upon information and belief the NYPD Defendants' actions were taken without authority, legal justification, reasonable suspicion, or probable cause. The NYPD Defendants had no search warrant for Plaintiff. At no time did probable cause exist to justify the NYPD Defendants' initial search and seizure of Bryant.

36. Following his seizure Plaintiff was unlawfully transported, via a police vehicle, to the 30th Police Precinct where he remained confined until being taken to Central Booking and then to the New York County Criminal Court, in New York County.

37. The criminal prosecution against Bryant was commenced with a sworn Complaint signed by Fernandez in which Fernandez acted as a conduit for false information from Marte. Upon information and belief, Fernandez entered the fabricated information-- which attempted to cover up the illegal search with false facts-- into the NYPD computer system. Fernandez listed himself as the "arresting officer."

38. Upon information and belief, in the criminal complaint Marte via Fernandez, claimed to have made observation about Bryant and the events surrounding his arrest that never occurred.

39. After his initial arraignment, Mr. Bryant remained incarcerated on the charges.

40. Plaintiff, while testifying before the Grand Jury Bryant acknowledged possession the prescription medication, knife and the marijuana that was recovered from the illegal search.

41. The Grand Jury did not return an indictment on the charge that Mr. Bryant's possession of the prescription medication that he was bringing to his relative was unlawful. Indictment 04330/2009 was returned on the charges related to possession of the contraband items that were obtained by the illegal search to which Bryant acknowledged while testifying before the Grand Jury.

42. Upon information and belief, Marta lied to and mislead the Grand Jury by testifying, in conformity with the paperwork and fabricated story he and the other NYPD Defendants had already concocted that attempted to cover up the illegal nature of the search.

43. Mr. Bryant remained incarcerated for approximately 140 days. After a suppression hearing the contraband was suppressed.

44. Next on January 26, 2010, the remaining charges against Mr. Van Bryant were dismissed and the criminal prosecution favorably terminated.