45. Upon information and belief, no other police officer, or NYPD member intervened or stopped the NYPD Defendants from seizing, arresting, and charging Bryant.

46. Upon information and belief, no supervisory NYPD member or officer prevented or remedied the unlawful search, seizure, arrest or accusatory instrument or other NYPD and court paper work.

47. Upon information and belief, supervisory NYPD members and officers ratified the accusatory instrument, tacitly or explicitly

48. Upon information and belief, at no time did the NYPD Defendants have legally sufficient cause to believe there was legally sufficient bases to have searched Mr. Bryant. Furthermore, the NYPD Defendants knew or should have known that there was not legally sufficient cause to commence criminal process against Plaintiff, or cause such process to be commenced, nor was there any basis for the NYPD Defendants to reasonably believe that such cause existed, because of the illegality of the initial search and seizure.

49. The NYPD Defendants actions were willful, intentional, and malicious.

50. Upon information and belief, neither Tirado or any other supervisory NYPD member or officer prevented or remedied the unlawful seizure, arrest, documents,

infomation NYPD paperwork, criminal court paper work, criminal complaint, Grand Jury testimony, and subsequent hearing testimony.

51. Upon information and belief, Tirado ratified the unlawful search, seizure, arrest, documents, NYPD paperwork, criminal court paper work, criminal complaint, Grand Jury testimony, and subsequent hearing testimony tacitly or explicitly.

52. At no point did the NYPD Defendants seek to recant their materially false statements.

## FIRST CAUSE OF ACTION
## FEDERAL CLAIMS
## AGAINST ALL INDIVIDUAL DEFENDANTS

53. Plaintiff repeats and realizes each and every allegation contained in paragraphs 1 through 52 as if set forth fully herein.

54. The NYPD Defendants violated, conspired to violate, acting in a joint venture to violate, and aided and abetted on another in the violation of Plaintiff's clearly established and well-settled federally protected rights.

55. The acts and conduct described herein deprived the Plaintiff of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§1981, 1983, 2000(d), and 3789(d) in violation of and 42 U.S.C. §§1981, 1983, 2000(d), 3789d(c):

(a) To be free of unreasonable search and seizure of his person and effects, by police officers acting under color of law;

(b) To be free from unlawful warrantless seizure or arrest by police officers acting under color of law;

(c) To be free from false imprisonment by police officers acting under color of law;

(d) To be free from malicious prosecution by police officers acting under color of law;

(e) To be free from abuse of process by police officers acting under color of law;

(f) To be free from having police officers fabricate evidence against him and transmitting that evidence to the District Attorney/ Prosecutor's office/ while acting under color of law;

(g) Not to be deprived of liberty without Procedural and / or Substantive Due Process of Law;

(h) Not to be deprived of his right to a fair trial by police officers acting under color of law;

(i) Not to be deprived of equal protection under the law, and not to be deprived of any right or privileges of a citizen, by police officers acting under color of law; and

(j) To be free from discrimination based upon race by police officers acting under color of law.

56. The acts and conduct of the NYPD Defendants described above was intentional, wanton, malicious and oppressive.

57. As a direct and proximate result of the NYPD Defendants' acts described herein, the NYPD Defendants have caused Plaintiff to suffer deprivation of his liberty, mental and emotional distress, suffering, humiliation, embarrassment, economic and other damages.

## SECOND CAUSE OF ACTION
## FOURTH and FOURTEENTH AMENDMENT
## MODELL CLAIM AGAINST NYC

58. Plaintiff repeats and realleges, each and every allegation contained in paragraphs 1 through 57 as if fully set forth fully herein.

59. At all times herein mentioned the NYC, its agents, employees and servants, including but not limited to the NYPD Defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

60. Upon information and belief, the acts and conduct complained of herein resulted in part from a *de facto* policy or custom, or practice of the Defendant NYC, implemented by police officers of the NYC and/or condoned by the NYPD, to stop, seize, and search individuals and then attempt to cover up the illegal nature of the searches by fabricating documents and information that relied upon the

DANY and other District Attorney's Offices within NYC and charge, and maliciously prosecute civilians without legally sufficient justification, in a racially discriminatory manner based upon false or fabricated testimony / evidence; fabricating false documents to protect other members of the NYPD; searching and seizing persons to reach productivity goals/ arrest quotas in which the NYC has acquiesce in and ratify widespread unlawful practices by NYPD members including within the 30th and other NYPD Precincts. Further, the acts and conduct complained of herein resulted in part from a *de facto* policy or custom of the Defendant NYC, implemented by the NYPD and/or the police officers of the NYC, to allow police officers to work without proper levels of supervision and not properly investigate complaints of similar misconduct or discipline NYPD members regarding such complaints and other other information it has been made aware of. NYC was responsible for ensuring that reasonable levels of supervision were in place within the NYPD generally and the 30th Precinct precinct specifically.

61. Upon information and belief, NYC, its officers, officials, agents, employees, and servants, knew or should have known that there was inadequate supervision within the 30th Precinct precinct on and prior to August 26, 2009 and that individuals were routinely improperly searched and then prosecuted based on illegally obtained evidence by NYPD members.

62. Despite the recommendations of the Mollen Report, as well as many other studies,

for example, the findings in 2000 of the United States Commission on Civil Rights, published in, *Police Practices and Civil Rights in New York City* (2000) NYC and the NYPD have allowed the pattern of, *inter alia*, NYPD members conducting unlawful searches which led to the recovery of contraband and then falsified police paperwork in order to make the stops and searches appear legitimate.

63. Further evidence of NYC policy regarding race, arrest quotas, and fabricated evidence / testimony is set forth in a *Floyd v. City of New York*, 08 Civ. 1034 (SAS)(S.D.N.Y.); *Davis v. City of New York*, 10 Civ. 0689 (SAS)(S.D.N.Y.)), *Schoolcraft v. City of New York*, 10 Civ 6005 (RWS)(S.D.N.Y.), *Colon v. City of New York*, 09 Civ. 8, 09 Civ 9 (JBW)(E.D.N.Y.), *Daniles, et al, v. The City of New York, et al*, 99 Civ. 1695 (SAS)(S.D.N.Y.). Despite the prior notice of inadequate supervision, NYC took inadequate steps to ensure that reasonable levels of supervision were in place within the 30th Precinct in order to reasonably provide that NYPD officers engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search, seize, and maliciously prosecute members of the public, including and specifically, the Plaintiff in this action.

64. NYC and its officers, officials, agents, employees, and servants, officers, were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the

violation of Plaintiffs' rights in particular. These practices are ongoing and continuing.

65. All Defendants acted under pretense and color of state law and in their official capacities and within the scope of their employment.

66. Said acts by the Defendants were without authority in law, and were in abuse of their powers. Said Defendants acted willfully, knowingly, and with specific intent to deprive Plaintiff of his constitutional rights.

67. As a result of the failure of NYC officials to properly recruit, train, discipline and supervise its police officers, including the NYPD Defendants NYC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

68. As a direct and proximate result of the Defendants' acts described herein, Defendants have caused Plaintiff to suffer deprivation of his liberty, mental and emotional distress, suffering, humiliation, embarrassment, economic and other damages.

### THIRD CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST SUPERVISORY DEFENDANTS

69. Plaintiff repeats and realizes each and every allegation contained in

paragraphs 1 through 68 as if repeated fully herein.

70. Upon information and belief, Tirado failed to supervise, monitor, train and discipline the non supervisory NYPD Defendants.

71. Upon information and belief, John and Jane Does failed to supervise, monitor, train and discipline the lower ranking supervisory NYPD Defendant Tirado.

72. Upon information and belief, Tirado, and John and Jane Doe have shirked their duty to ensure that officers under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

73. Upon information and belief, the acts and conduct of the Tirado, John and Jane Doe was intentional, wanton, malicious and oppressive.

74. As a direct and proximate result of Tirado, John and Jane Doe acts described above, they have caused Plaintiff to suffer deprivation of his liberty, mental and emotional distress, humiliation, embarrassment, economic, and other damages.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule Of Civil Procedure 38 Plaintiff demands a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, Plaintiff Van Bryant demands judgment and prays for the following relief, jointly and severally, against the individual NYPD Defendants:

(a) Full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) A declaration pursuant to 28 U.S.C. §§2201-2202 that the Plaintiff's rights were violated by their unlawful conduct;

(c) Statutory Attorneys Fees pursuant to, *inter alia*, 42 U.S.C. §1988, Expert Fees, the costs and disbursements of this action; and

(d) Such other and further relief as appears just and proper.

And the following relief against the Municipal Defendant NYC:

(a) Full and fair compensatory damages in an amount to be determined by a Jury;

(b) A declaration pursuant to 28 U.S.C. §§2201-2202 that the Plaintiff's rights were violated by its unlawful conduct;

(c) Statutory Attorneys Fees pursuant to, *inter alia*, 42 U.S.C. §1988, and expert Fees, the costs and disbursements of this action; and

(d) Such other and further relief as appears just and proper.

Dated: New York, New York
August 26, 2012

BY: _____
Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
Fax: (212) 964-0763
*Attorney for Plaintiff*-Van Bryant